# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09 cr 99

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| RAYMOND YEAGER. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a violation report filed in the above entitled cause on March 30, 2010 by the United States Probation Office. In the violation report, the United States Probation Office alleges that the defendant has violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, attorney Fredilyn Sison, and the Government was present through Assistant United States Attorney, Corey Ellis, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, admitted the allegations contained in the violation report that had been filed on March 30, 2010. The Government introduced, without objection, the violation report into evidence.

The defendant was charged, in a bill of indictment filed on December 15, 2009 with two counts of knowingly distributing visual depictions that had been mailed, shipped and

transported in interstate and foreign commerce, the production of which involved the use of a minor engaging in sexually explicit conduct in violation of Title 18 U.S.C. § 2252(a)(2). A hearing was held in regard to the detention of the defendant on February 2, 2010. On that date, the undersigned entered an order releasing the defendant on a $50,000.00 unsecured bond. The undersigned further set conditions of release which included the following:

> (s) Participate in one of the following location monitoring program components and abide by its requirements as the pretrial services officer or supervising officer instructs.
>
>> (ii) **Home detention**. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the pretrial services office or supervising officer.
>
> (t) Submit to the **location monitoring** indicated below and abide by all of the program requirements and instructions provided by the pretrial services officer or supervising officer related to the proper operation of the technology.
>
>> (ii) Radio Frequency (RF) monitoring;

The violation report which was introduced into evidence shows that the defendant had been allowed an opportunity by the supervising officer to walk to his mailbox each day to retrieve his mail. The defendant was allowed to be out of range for his electronic monitoring for two to three minutes each time. The defendant went out of range for four minutes on

February 22, 2010, five minutes on February 26, 2010, six minutes on February 27, 2010, four minutes on March 1, 2010, seven minutes on March 4, 2010, eight minutes on March 6, 2010 and seven minutes of March 7, 2010.  The officer went to the home of the defendant and determined that walking to the mailbox by the defendant would not cause the defendant to register as being out of range.

The defendant was allowed, by the undersigned, to have a computer which the undersigned orally limited to being used only for the purpose of the defendant's employment. The undersigned ordered the United States Probation Office to install software designed to monitor computer activities on the defendant's computer and to report back usage of the computer to the court.  In the violation report, the probation officer reported that the defendant had, on March 6th or 7th, visited a website where he connected to a chat room where a 13 year old female from outside the country was participating and additionally, on March 6th or 7th, the defendant had watched a live lingerie show on his computer and that in the use of the computer, the defendant had participated in an internet chat room where a female, not underage, was encouraged to expose her breast to the chat room participants  The defendant's employment does not involve the sale of lingerie or require him to have any contact with a minor child.

**Discussion**.  18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

(1) finds that there is----
    (A) probable cause to believe that the person has committed a
Federal, State, or local crime while on release; or

3

   (B) clear and convincing evidence that the person has violated any other condition of release; and
(2) finds that ---
   (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
   (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence presented, the undersigned does not find there is probable cause to believe that the defendant committed a federal, state or local crime while on release.

Based upon the evidence, the undersigned finds by clear and convincing evidence that the defendant has violated a condition of release, that being he has violated the condition of bond which required him to participate in a home confinement program component. The defendant, while participating in the program, was out of range of electronic monitoring for successively larger periods of time during the period from February 10, 2010 until March 7, 2010.

The court has considered the continued release of the defendant based on the factors as set forth in 18 U.S.C. § 3142(g). The charge against the defendant is a charge which creates a presumption, pursuant to 18 U.S.C. § 3142(e)(3), that there are no conditions or combination of conditions of release which would assure that the defendant will not pose a danger to the safety of any other person or the community in that the defendant is charged

4

with an offense as set forth under 18 U.S.C. § 3142(e)(3)(E). In considering the factors as set forth under 18 U.S.C. § 3142(g), the court finds that the nature and circumstances of the offense charged involve a minor victim, which is considered by the court as a crime of violence as set forth under 18 U.S.C. § 3156(a)(4)(C). The weight of the evidence against the defendant appears at the level of probable cause as shown by the bill of indictment. The history and characteristics show that the defendant is in good physical and mental condition. He has family ties in North Carolina, through his wife, from whom he is separated. The defendant resides in the state of Maryland. The defendant has employment and has a length of residence in the Maryland community. The defendant has no history of alcohol or drug abuse and has no criminal history or record of failure to appear at any type of court proceedings. It does not appear that the defendant, at the time of the offense or arrest, was on probation, parole or other release pending trial. In regard to the nature and seriousness to the danger to any person or the community that would be posed by the person's release, based upon the acts of the defendant as set forth in the violation report, the undersigned does find that the release of the defendant does create a risk of harm or danger to any other person or the community.

The court further finds that the defendant is a person who is unlikely to abide by any condition or combination of conditions of release. The undersigned allowed the defendant to not only be released, but to have possession and use of a computer. The purpose of allowing the defendant to have in his possession a computer for the purpose of allowing the defendant to continue with his employment. The defendant was specifically instructed that

5

the computer was only to be used for the purpose of his employment. Instead of using the computer for that purpose it has been shown by the violation report that the defendant has used the computer to visit websites that are connected to a chat room of a 13 year old female and to watch a live lingerie show and to further participate in a chat room where an adult female was being encouraged to expose her breast to a webcam. These activities do not involve the defendant's employment. The defendant was repeatedly out of range from his home detention with each period of being out of range being succeedingly longer. These activities show that the defendant is a person who is unlikely to abide by any condition or combination of conditions of release.

**ORDER**

WHEREFORE, IT IS **ORDERED** that the terms and conditions of pretrial release in this matter are hereby **REVOKED** and it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: April 7, 2010

Dennis L. Howell
United States Magistrate Judge