# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:12-cv-21-MR
# (1:09-cr-99-MR-1)

| | |
|---|---|
| RAYMOND YEAGER, ) | |
| ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, [Doc. 1], and on the Government's Response to Petitioner's Motion to Vacate, [Doc. 6].

## I.  BACKGROUND

In early 2006, investigators learned that a username associated with Petitioner Raymond Yeager had been used to exchange child pornography via an internet peer-to-peer network.  [Criminal Case No. 1:09-cr-99, Doc. 20 at 4-5: PSR].  Through additional investigation, officers connected the transfers to Petitioner's email address, internet subscriber information, and IP address.  [Id., Doc. 20 at 5-6].  Following the forensic examination,

officers conducted a "knock and talk" interview with Petitioner at his home in April 2008. [Id. at 6]. After initially denying having ever viewed child pornography, Petitioner eventually confessed, explaining to officers that he had downloaded and exchanged child pornography using Google Hello and Yahoo Messenger accounts. [Id. at 7-8]. Officers also located several internet chat sessions in which Yeager discussed his interest in child pornography, as well as fantasies about incest. [Id. at 9]. Although Petitioner agreed to submit to a polygraph examination, there is no evidence that the Government ever followed through with a request for an examination. [Id. at 8].

On December 15, 2009, the Grand Jury for the Western District of North Carolina charged Petitioner in a two-count Bill of Indictment with distribution and receipt of visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). [Id., Doc. 1 at 1-2]. On April 19, 2010, Petitioner pled guilty to both counts without the benefit of a plea agreement. [Id., Doc. 16: Acceptance and Entry of Guilty Plea]. Before sentencing, Petitioner submitted a sentencing memorandum in which he moved for a downward departure or variance based, in part, on "the sentencing disparity among similarly situated defendants in various districts throughout the United States." [Id., Doc. 23 at 9-10: Sentencing

Memorandum]. At Petitioner's sentencing hearing conducted on January 20, 2011, this Court calculated an advisory guidelines range of imprisonment of 151 to 188 months, based on a total offense level of 34 and criminal history category of I. [Id., Doc. No. 27 at 4: Statement of Reasons]. This Court ultimately sentenced Petitioner to 151 months in prison, a sentence at the low end of the guidelines range, and entered its judgment on January 28, 2011. [Id., Doc. No. 26: Judgment]. Petitioner did not appeal.

On January 23, 2012, Petitioner filed the instant motion to vacate, in which he raised three claims of ineffective assistance of counsel: (1) that he was misadvised regarding a polygraph examination, (2) that he prepared an allocution at the direction of counsel that was not presented to the Court, and (3) that his attorney failed to present evidence of "levels of sentence in other districts that resulted in lower sentencing levels." [Doc. 1 at 4]. On February 12, 2013, the Government filed a Response to the motion to vacate. [Doc. 6].

II. **STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to

determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

**A. Ineffective Assistance of Counsel**

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S.

364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

**1. Petitioner's Ineffective Assistance of Counsel Claim Related to a Polygraph Examination.**

Petitioner first contends that his attorney failed to "direct or prepare" him for a polygraph examination or to explain "why he is here" at the examination. (Doc. No. 1 at 4). Petitioner's vague assertion does not specify the purpose of the examination or state who ordered the test. As such, Petitioner has simply not shown how counsel's performance was deficient. In any event, even if Petitioner could satisfy the deficient performance prong, his claim is completely devoid of any allegation of prejudice. As summarized in the presentence report, the evidence of Petitioner's guilt — including his confession and the computer forensic evidence — was overwhelming, and was not dependent on the results of any polygraph examination. Petitioner has not argued that he would not have pled guilty but for the alleged ineffective assistance related to the

5

polygraph examination. Furthermore, in light of the strong evidence of guilt, he is unable to show a reasonable probability that he would not have done so. In sum, the Government is entitled to judgment as a matter of law on Petitioner's ineffective assistance of counsel claim based related to a polygraph examination.

> **2. Petitioner's Ineffective Assistance of Counsel Claim Based on Counsel's Failure to Present Petitioner's Allocution to the Court.**

Next, Petitioner contends that he wrote an allocution at the direction of counsel that was not presented to the Court or made part of his presentence report. The presentence report reflects, however, that, on April 19, 2010, defense counsel submitted a written statement to the probation officer on Petitioner's behalf, in which Petitioner accepted responsibility for his actions and apologized to the court. [Criminal Case No. 1:09-cr-99, Doc. 20 at 11: PSR]. Furthermore, Petitioner has not alleged that he was prevented from making an in-person allocution before this Court at his sentencing hearing, and there is nothing before the Court to show that Petitioner did not exercise his full opportunity for allocution at that hearing. There is, therefore, no merit to his claim that his attorney deprived him of the opportunity to demonstrate to this Court that he was remorseful and that he accepted responsibility for his criminal conduct. As

with all of Petitioner's claims, he has also failed to allege that he was prejudiced or that it is likely the result would have been different had he not received the alleged ineffective assistance, nor could he with regard to the allocution issue. The record shows that Petitioner, in fact, received a three-level adjustment for acceptance of responsibility. [Id., Doc. 20 at 13: PSR]. On this record, Petitioner has not shown deficient performance or prejudice, and his claim fails as a matter of law.

   **3. Petitioner's Ineffective Assistance of Counsel Claim Based on Counsel's Failure to Raise Unwarranted Sentencing Disparities as Grounds for a Lower Sentence.**

When sentencing a defendant, courts must consider, among other things, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). In his final ground for relief, Petitioner claims that his attorney failed to raise such an argument on his behalf during the sentencing phase. Contrary to Petitioner's assertion, his attorney submitted a sentencing memorandum on Petitioner's behalf in which counsel specifically cited this sentencing factor and compared Petitioner's conduct to the crimes committed by defendants in a series of recent cases, including one from the Middle District of North Carolina. [Criminal Case No. 1:09-cr-99, Doc. 23 at 9-11: Sentencing Memo.]. In the

7

sentencing memorandum, defense counsel argued for a lower sentence to avoid creating a sentencing disparity between Petitioner and "similarly situated defendants in various districts throughout the United States." [Id. at 10]. Because Petitioner's claim is directly contradicted by the record, he is unable to show deficient performance.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss the § 2255 petition.

The Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). As a result, the Court declines to issue a certificate of appealability. See

Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 motion to vacate, (Doc. No. 1), is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability.

Signed: June 19, 2013

Martin Reidinger
United States District Judge