IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:09-cr-00099-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RAYMOND YEAGER, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) in Light of US Sentencing Commission's Substantive Change to Guidelines § 2G2.2(b)(3)(B)" [Doc. 39].

The Defendant pleaded guilty to one count of distributing child pornography and one count of receiving child pornography, both in violation of 18 U.S.C. § 2252(a)(2). [Docs. 1, 16]. The Defendant was sentenced on January 20, 2011, to a term of 151 months' imprisonment. [Doc. 26]. The Defendant did not file a direct appeal. On January 23, 2012, the Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255. [Doc. 29]. The Court denied the Defendant's motion to vacate on June 19, 2013. [Doc. 30]. The Defendant appealed, and on March 5, 2014, the Fourth Circuit Court of

Appeals denied a certificate of appealability and dismissed the Defendant's appeal. [Doc. 30]. The Defendant filed a second motion to vacate [Doc. 35], which was dismissed as a successive petition on August 4, 2014. [Doc. 36].

On December 27, 2016, the Defendant filed the present motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 801 of the United States Sentencing Guidelines, which became effective on November 1, 2016. [Doc. 39].

Pursuant to 18 U.S.C. § 3582(c)(2), the Court may modify a term of imprisonment where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). Amendment 801, however, does not lower the sentence range applicable to the Defendant. Further, the Sentencing Guidelines Manual does not specify Amendment 801 as a retroactively applicable amendment. See U.S.S.G. § 1B1.10(d) (2016).

Even assuming that Amendment 801 could be applied retroactively, however, it would not affect the Defendant's sentence. Amendment 801 revises U.S.S.G. § 2G2.2(b)(3)(B) and the accompanying commentary to clarify that a five-level enhancement should apply "if the defendant distributed [child pornography] in exchange for any valuable consideration."

2

See U.S.S.G. app. C, amend. 801, at 145. The Amendment further explains in the application note that this means "the defendant agreed to an exchange with another person under which the defendant knowingly distributed to that other person for the specific purpose of obtaining something of valuable consideration from that other person, such as other child pornographic material, preferential access to child pornographic material, or access to a child." Id. The Amendment was intended to resolve differences among the circuit courts in applying the five-level enhancement by clarifying that the distribution was knowingly made, particularly where the case involved a file-sharing program or network. Id. Here, the PSR is replete with indications that the Defendant knowingly distributed child pornography for the specific purpose of obtaining child pornographic materials from others. [Doc. 20 at 4-11]. Thus, Amendment 801 is of no benefit to the Defendant in this case.

Accordingly, **IT IS, THEREFORE, ORDERED** that on the Defendant's "Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) in Light of US Sentencing Commission's Substantive Change to Guidelines § 2G2.2(b)(3)(B)" [Doc. 39] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 12, 2017

Martin Reidinger
United States District Judge